UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 21-0036-1 |
| VERSUS | JUDGE DONALD E. WALTER |
| CHUKWUMA N. OKOYE, JR. | MAGISTRATE JUDGE HORNSBY |

---

**MEMORANDUM ORDER**

Before the Court is Defendant Chukwuma Okoye's ("Okoye") "Letter Motion to Modify/Stop Garnishment of Spouse's Wages" filed on September 29, 2023. See Record Document 117. In challenging the scope of garnishment, Okoye seeks to cease the collection of twenty-five percent of his wife's, Asatu Okoye, wages and assume payment towards the ordered restitution in amount of ten percent of his wages instead.[1] In opposition, the Government contends that Okoye's motion is not substantiated by any evidence supporting a finding of a valid property exemption, lacks merit and therefore must be denied. See Record Document 118. For the reasons elucidated below, Defendant's motion is **DENIED**.

The Mandatory Victim Restitution Act ("MVRA") authorizes restitution for victims of federal crimes and sets forth the procedures therefor. See 18 U.S.C. §§ 3663, 3664. "The court may order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." Id. § 3663(a)(3). The Fifth Circuit found that the MVRA "provides the Government authority to enforce victim restitution orders in the same manner that it recovers fines and by all available means" and, under 18 U.S.C. § 3613(a), the Government may collect "restitution 'in

---

[1] Okoye states in his letter-motion that he has been released from imprisonment on November 3, 2022, and is now capable of paying restitution on his own pursuant to this Court's Judgment and Schedule of Payments dated May 4, 2022. See id.

accordance with the practices and procedures for enforcement of civil judgment under Federal law or State law,'" including the Federal Debt Collection Procedures Act ("FDCPA"). United States v. Ekong, 518 F.3d 285, 286 (5th Cir. 2007) (citing United States v. Phillips, 303 F.3d 548, 550–51 (5th Cir. 2002)). Additionally, the MVRA broadly permits the Government to enforce a special-assessment order "against *all* property or rights to property of the person fined." Id. (emphasis added). 18 U.S.C. § 3613(a). The available exemptions are for: (1) wearing apparel and schoolbooks; (2) fuel, provisions, furniture, and personal effects worth no more than $10,090 in value; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) certain annuity and pension payments under the Railroad Retirement Act, the Railroad Unemployment Insurance Act, and for military service; (7) workman's compensation; (8) judgments for support of minor children; (9) certain service-connected disability payments; and (10) assistance under the Job Training Participation Act. See 26 U.S.C. §§ 6334(a)(1)–(8), (10), and (12).

Pursuant to 28 U.S.C. § 3205(a) of the FDCPA, "[a] court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest, and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor. Co-owned property shall be subject to garnishment to the same extent as co-owned property is subject to garnishment under the law of the State in which such property is located." Nevertheless, the Government's power to collect restitution in general is expressly made subject to the restrictions on garnishment of section 303 of the Consumer Credit Protection Act ("CCPA"). 15 U.S.C. § 1673; see also 18 U.S.C. § 3613(a)(3). The principal restriction imposed by the CCPA is that garnishment of an individual's disposable earnings is limited to twenty-five percent of the debtor's weekly earnings. See 15 U.S.C. §

2

1673(a)(1) ("the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed…25 per centum of his disposable earnings for that week.").

This Court finds that Defendant's motion lacks merit. In an attempt to challenge the current amount of bi-weekly garnishment and substitute the payor, Defendant presents no factual or legal basis as to why this Court should grant his request. Specifically, Defendant does not claim that his spouse's salary is exempt from garnishment, nor does he identify any specific exemption that he contends is applicable and the Court does not discern any. Instead, Okoye only claims that he is now capable of paying his Court-ordered restitution. See Record Document 117. Contrary to Okoye's allegations, the Government indicates that because Defendant's community property, i.e., Asatu Okoye's wages, is not exempt under any federal or state law, the Government sees "no basis to enjoin its restitution collection activity." See Record Document 118 at 7. The Court agrees. The attorney general is required by the MVRA to enforce victim restitution orders "aggressively." Phillips, 303 F.3d at 551. As it pertains to the scope of restitution, the language in the Judgment sets a minimum requirement that Okoye must meet in order to satisfy his obligation to the United States. In particular, it states that "Defendant shall make payments at the rate of not less than 10% of his gross monthly income…." See Record Document 67-4 at 4. The Government also does not exceed its authority by garnishing 25% of Asatu Okoye's wages because it conforms with the provisions of 15 U.S.C. § 1673(a)(1) and meets the twenty-five percent cap under the pertinent statute. The Government is therefore entitled to collect twenty-five percent of Asatu Okoye's wages to honor Defendant's obligations under restitution. Finally, it is in the interest of justice to maintain previously approved and established restitution collection activity by the United States.

3

For the foregoing reasons, **IT IS ORDERED** that Okoye's motion for payment modification of restitution is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 13th day of November, 2023.

*/s/ Donald E. Walter*
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE